# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

DONALD W. ZAPPLEY, SR.,
      Plaintiff,

v.                               Case No. 04-C-0434

UNITED STATES OF AMERICA,
      Defendant.

## DECISION AND ORDER

In 2003, plaintiff Donald W. Zappley, Sr., proceeding pro se, filed this action in forma pauperis in the United States District Court for the District of New Jersey against Dr. Hossein Saadatti, a physician at the Zablocki Veterans Administration Medical Center ("VAMC") in Milwaukee, Wisconsin, and Underwood Memorial Hospital ("Underwood"), a hospital located in New Jersey. Because the Attorney General certified that at the time of the incidents alleged in plaintiff's complaint, Saadatti was an employee of the United States and was acting within the scope of his employment, the United States was substituted for Saadatti as a defendant pursuant to 28 U.S.C. § 2679(d)(1). Subsequently, the New Jersey district court granted Underwood's motion to dismiss, leaving only the United States as a defendant. The parties then consented to the case being transferred to the Eastern District of Wisconsin, and it was assigned to me. Before me now is defendant's motion to dismiss this case as factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(e)(2)(B)(i) provides that "[n]otwithstanding any filing fee, or any

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious."[1] Normally, in reviewing the sufficiency of a claim at the pleading stage, as I am in the present case, a court must accept all of the complaint's factual allegations as true. See Neitzke v. Williams, 490 U.S. 319, 326-27 (1989) (stating that Fed. R. Civ. P. 12(b)(6) does not countenance "dismissals based on a judge's disbelief of a complaint's factual allegations"). Section 1915(e)(2)(B)(i), however, gives courts the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. In other words, § 1915(e)(2)(B)(i) allows courts to dismiss suits which are factually frivolous. A court can dismiss a suit as factually frivolous pursuant to § 1915(e)(2)(B)(i) when the facts alleged in the complaint are "clearly baseless," "fanciful," "fantastic," "delusional" or "incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gladney, 302 F.3d at 774. The Supreme Court has declined to create a precise standard governing a district judge's determination of whether a complaint is factually frivolous; instead, the Court has held that district judges, who are "all too familiar with factually frivolous claims," are in the best position to determine which cases fall into that category. Denton, 504 U.S. at 33 (internal quotation marks and citation omitted).

---

[1] Congress enacted 28 U.S.C. § 1915(e)(2)(B)(i) as part of the Prison Litigation Reform Act ("PLRA"). Section 1915(e)(2)(B)(i) is materially identical to its predecessor, 28 U.S.C. § 1915(d). See Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 775 (7th Cir. 2002). Thus, the rationales and holdings of cases decided under § 1915(d) apply to § 1915(e)(2)(B)(i).

2

In the present case, I conclude that plaintiff's suit is factually frivolous. Plaintiff has filed hundreds of pages of documents in this case, including complaints, requests for discovery, memorandums, photographs, letters and medical records. At times, plaintiff's claims and statements are incomprehensible. However, it is relatively clear that plaintiff is alleging that Dr. Saadatti conspired with other members of the medical profession to intentionally inflict some sort of harm upon him in connection with a pension eye examination which occurred at the VAMC. Plaintiff alleges that during the exam, Saadatti performed an unauthorized medical procedure on him which involved "an apparent magnified light beam from a mirror" being directed into his eyes. (Compl. [R. 1] ¶ 3.) Plaintiff alleges that this procedure harmed him by, among other things, lowering his testosterone levels. (Id.) Plaintiff also alleges that the Department of Veterans Affairs somehow manipulated him so as to get him into a position in which Dr. Saadatti could perform unauthorized medical experiments on him without his knowledge. (Id. ¶ 7.) The complaint also contains a bizarre allegation in which plaintiff apparently claims that Saadatti or some other doctor performed an electroencephalogram ("EEG") on him with the intent to control his thoughts. (Id. ¶ 9.)[2] Allegations in plaintiff's other filings are similarly incredible. Accordingly, I conclude that this case should be dismissed as factually frivolous pursuant to § 1915(e)(2)(B)(i).

---

[2]Specifically, this allegation states:

> The use of a medical computer the June 12, 1990 electroencephlagram [sic] International system apparently placed in Donald Zappley Plaintiff's scalp not authorized by myself on any long-term basis. The fact that material messages of people have tried to communicate including their motions and sounds there is probably thought translation of brain waves by the said computer.

3

Defendant asks that I dismiss this case with prejudice. In <u>Denton</u>, the Supreme Court indicated that a dismissal for factual frivolousness should be a dismissal without prejudice if it appears that frivolous factual allegations could be remedied through more specific pleading. 504 U.S. at 34. However, my review of the present case indicates that plaintiff's claim is inherently frivolous and that even if plaintiff were allowed to amend his pleadings, he could not fix the problem. Therefore, I will dismiss the complaint and this suit with prejudice.

For the reasons stated, **IT IS ORDERED** that defendant's motion to dismiss is **GRANTED**. Plaintiff's complaint and this lawsuit are **DISMISSED WITH PREJUDICE** as factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6 day of June, 2005.

/s_____
LYNN ADELMAN
District Judge