UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DONALD W. ZAPPLEY, SR.,**
    **Plaintiff-Appellant,**

    v.                                   Case No. 04-C-0434
**UNITED STATES OF AMERICA,**
    **Defendant-Appellee.**

---

## ORDER

    Plaintiff brought a civil action in this court, presumably pursuant to the Federal Tort Claims Act. A United States District Judge in New Jersey, to whom this case was originally assigned before it was transferred to this district, granted plaintiff leave to proceed in forma pauperis. On June 6, 2005, I granted defendant's motion to dismiss this case as factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and judgment was entered dismissing the action. Plaintiff appealed, and currently before me is his request for leave to proceed in forma pauperis on appeal.

    A party who has been granted leave to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization, unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed in forma pauperis. Fed. R. App. P. 24(a)(1), (a)(3); see also 28 U.S.C. § 1915(a)(3). "Good faith" is an objective standard. Coppedge v. United States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). An appeal taken in "good faith" is one that seeks review of any issue that is not clearly frivolous, Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026-27, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King,

707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

As stated, I have already determined that this case is factually frivolous. "In the ordinary case if the suit is frivolous the appeal from the dismissal of the suit will also be frivolous," and it is improper for the district judge to grant leave to proceed in forma pauperis on appeal. Tolefree v. Cudahy, 49 F.3d 1243, 1244 (7th Cir. 1995); see also Lee, 209 F.3d at 1026-27. Further, I do not believe that my determination that this case is frivolous is arguable, and thus this is not one of those rare cases in which it is proper to grant leave to appeal in forma pauperis even though the suit has been dismissed as frivolous. See Tolefree, 49 F.3d at 1244. Therefore, pursuant to 28 U.S.C. §1915(a)(3), I certify that the appeal is not taken in good faith.

The plaintiff incurred the appellate filing fee by filing the notice of appeal. Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), overruled on other grounds by Lee, 209 F.3d at 1026-27. The fact that I am denying the request to proceed in forma pauperis on appeal means that, unless plaintiff files a motion to appeal in forma pauperis with the court of appeals, he must pay the full appellate filing fee of $255. Failure to pay in full within the prescribed time limit may result in dismissal of the appeal. Id. (citing Circuit Rule 3(b)). Plaintiff is advised that he may file a motion to proceed in forma puaperis on appeal with the court of appeals within thirty days after service of this order. Fed. R. App. P. 24(a)(5).

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed in forma pauperis on appeal is **DENIED**. Pursuant to Fed. R. App. P. 24(a)(4), copies of this order will be

sent to the parties and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated at Milwaukee, Wisconsin this 17 day of June, 2005.

/s_____
LYNN ADELMAN
United States District Judge